IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS PUBLIC RISK FUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19 C 3210 |
| | ) | |
| PURDUE PHARMA L.P., PURDUE PHARMA, INC., PURDUE FREDERICK COMPANY, INC., RHODES PHARMACEUTICALS, CEPHALON, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMECEUTICA, INC., NORAMCO, INC., ENDO HEALTH SOLUTIONS, INC., ENDO PHARMACEUTICALS, INC., PAR PHARMACEUTICAL COMPANIES, INC., ALLERGAN PLC, ACTAVIS KADIAN, LLC, ACTAVIS ELIZABETH, LLC., ACTAVIS PLC, WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ACTAVIS PHARMA, INC., MALLINCKRODT PLC, MALLINCKRODT LLC, AMERICAN ACADEMY OF PAIN MEDICINE, AMERICAN GERIATRIC SOCIETY, AMERICAN PAIN SOCIETY, AMERISOURCEBERGAN CORPORATION, CARDINAL HEALTH, INC., MCKESSON CORPORATION, PAUL MADISON, and JOSEPH GIACCHINO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The Illinois Public Risk Fund has sued more than thirty organizations and individuals it alleges were involved in negligent and fraudulent conduct related to the manufacture, distribution, and prescription of opioids.  After it filed suit in Illinois state court, defendant McKesson Corporation—a distributor of prescription drugs—removed the case to federal court.  The Fund has moved to remand the case.

At the outset, McKesson urges the Court to defer consideration of the remand motion.  The parties agree that the Judicial Panel on Multidistrict Litigation is likely to transfer this case to ongoing multidistrict litigation in the U.S. District Court for the Northern District of Ohio within the next several weeks.  McKesson contends that the appropriate course is to leave resolution of this motion up to the judge presiding over the MDL so that this and other remand motions are decided simultaneously.

The Court believes that deferring decision on the motion to remand would risk significant unfairness to the plaintiff.  The judge presiding over the MDL has elected not to rule on any motions for remand or permit discovery for a substantial period of time.  Thus to defer ruling now could have the effect of staying the litigation indefinitely.  *See Dunaway v. Purdue Pharma L.P.*, No. 19-cv-00038, 2019 WL 2211670, at *3 (M.D. Tenn. May 22, 2019) ("There is no guarantee of when that heavily burdened [MDL] court would be able to address the important jurisdictional issues raised here.").  And nearly a dozen other district courts across the country in similar cases have roundly rejected arguments virtually identical to those McKesson makes in opposition to remand.  McKesson was a defendant in many of those cases.  The Court is reticent to reward what may be a deliberate strategy of filing unmeritorious notices of removal in

order to delay—or altogether avoid—litigating these cases. The Court will therefore decide the motion to remand.

The Court now turns to the merits of the motion. Removal is appropriate if the Court has original jurisdiction over the case, in other words if the complaint could have been filed in federal court because the claims arise under federal law or because the parties are of diverse citizenship. *See* 28 U.S.C. § 1441(a); *Home Depot USA, Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). Because the parties in this case are non-diverse, McKesson must show that this case arises under federal law within the meaning of 28 U.S.C. § 1331. Most cases that arise under federal law involve a federal cause of action, but federal courts may also hear a "special and small category" of cases where federal issues are embedded in state-law claims. *Gunn v. Minton*, 568 U.S. 251, 257–58 (2013).

Because the complaint alleges only state-law claims, the Court has original jurisdiction only if the case satisfies the requirements for jurisdiction over federal questions embedded in state-law claims. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)).

To avoid remand, this case must meet all four elements of the *Grable* test. It does not do so. First, the claims in the complaint do not necessarily raise a federal issue. McKesson contends that some of the plaintiff's claims—it does not specify which ones—require it to show that the defendants violated a duty under the federal

3

Controlled Substances Act. It is true that the plaintiff cites the Act as a basis for the defendants' alleged duty to "investigate, report, and stop suspicious orders of prescription opioids." Compl., dkt. no. 101, ¶ 568. But the plaintiff also cites independent state-law bases for this duty, including provisions of the Illinois Controlled Substances Act, 720 Ill. Comp. Stat. 570/303, the Illinois Wholesale Drug Distribution Licensing Act, 225 Ill. Comp. Stat. 120/55, and the Illinois Administrative Code, Ill. Admin. Code tit. 68, § 1510.50. As many other courts have found in similar cases concerning the manufacture and distribution of opioids, these alleged state-law duties mean that the construction of the Controlled Substances Act is not a necessary part of the plaintiff's claims. *See, e.g., Dunaway*, 2019 WL 2211670, at *6; *City of Worcester v. Purdue Pharma L.P.*, No. 18-11958-TSH, 2018 U.S. Dist. LEXIS 215824, at *8–9 (D. Mass. Nov. 21, 2018); *City of Reno v. Purdue Pharma, L.P.*, No. 18-cv-00454-MMD-WGC, 2018 WL 5730158, at *2 (D. Nev. Nov. 2, 2018); *Uintah County v. Purdue Pharma, L.P.*, 18-cv-00585-RJS, 2018 WL 3747847, at *6 (D. Utah Aug. 7, 2018); *New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242, 1251–52 (D.N.M. 2018); *Delaware ex rel. Denn v. Purdue Pharma, L.P.*, No. 18-383-RGA, 2018 WL 1942363 (D. Del. Apr. 25, 2018); *West Virginia ex rel. Morrisey v. McKesson Corp.*, No. 16-1772, 2017 WL 357307, at *7–8 (S.D. W. Va. Jan. 24, 2017).

McKesson argues that the putative state-law bases for the defendant's duty necessarily raise federal questions because the Illinois Controlled Substances Act and associated regulations incorporate federal law. McKesson points to Illinois Administrative Code section 1510.50(i), which provides that "[w]holesale drug distributors shall operate in compliance with applicable federal, state and local laws and

4

regulations." But this reference to federal law does not suggest that a federal issue will inevitably arise; to the contrary, by referring to "state and local laws and regulations," section 1510.50(i) supports the plaintiff's contention that Illinois law imposes duties independent of the defendants' obligations to comply with federal law. And insofar as McKesson disputes that Illinois law in fact establishes a relevant duty of care, its argument improperly seeks to litigate the merits of the plaintiff's claims. *Cf. Shapiro v. McManus*, 136 S. Ct. 450, 455–56 (2015) (holding that, unless a cause of action is "wholly insubstantial and frivolous," the apparent weakness of a claim "calls for a judgment on the merits and not a dismissal for want of jurisdiction"); *see also Uintah County*, 2018 WL 3747847, at *6 ("At this stage, involving subject matter jurisdiction determinations, Plaintiffs are the masters of their claims—whether eventually successful on the merits or not."). Because McKesson has not argued that the claimed duty of care based on Illinois law is so lacking in merit as to be wholly insubstantial or frivolous, whatever deficiencies may exist in the plaintiff's claims do not constitute a basis on which to deny the motion to remand.

McKesson has also failed to show that this case satisfies the third element of the *Grable* test: that the federal issue is substantial. Notably, the parties agree that there is no private federal cause of action under the Controlled Substances Act. As the Supreme Court explained in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), the fact that Congress chose not to create a federal cause of action under the relevant statute is evidence that the federal interest is insufficiently substantial. *Id.* at 814. McKesson argues that the federal government has a strong interest in the uniform interpretation and application of its statutes and regulations governing

5

controlled substances. But beyond general appeals to the importance of uniformity, it has not explained how referring to alleged violations of duties imposed by federal law would in any way interfere with the government's ability to regulate in this arena. Indeed, the Controlled Substances Act expressly disclaims an intent to occupy the legislative field and permits states to enact their own regulatory schemes—as Illinois and many other states have done—as long as they are not inconsistent with the Act. *See* 21 U.S.C. § 903.

Finally, McKesson has not shown that the Court can exercise jurisdiction over this case without upsetting the balance of federal and state authority over controlled substances. The Supreme Court has expressed wariness about the exercise of federal jurisdiction over any and all state-law negligence claims whose resolutions depend in some measure on violations of duties imposed by federal law. *See Grable*, 545 U.S. at 319 ("A general rule of exercising federal jurisdiction over state claims resting of federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state claims into federal courts."). And the fact that the Controlled Substances Act lacks a federal cause of action supports the conclusion that Congress deliberately sought to leave such claims in state court. *See id.* ("In this situation, no welcome mat meant keep out."); *Merrell Dow*, 478 U.S. at 812 (holding that it would "undermine congressional intent" to assert jurisdiction based on a federal statute for which Congress had not established a federal remedy); *Balderas*, 323 F. Supp. 3d at 1252–53 ("[A]llowing jurisdiction when Congress had not intended a private right of action would have seriously disrupted the balance of labor between state and federal courts." (quoting *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1233 n.5 (10th

Cir. 2006)). The risk that exercising jurisdiction could upset the division of authority between federal and state courts requires remand under the fourth element of the *Grable* test.

**Conclusion**

For the foregoing reasons, the Court grants the plaintiff's motion to remand [11]. The Clerk is directed to immediately remand this case to the Circuit Court of Cook County, Illinois.

```
                                    _____
                                           MATTHEW F. KENNELLY
                                         United States District Judge
```

Date: July 15, 2019